UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| UNITED STATES,<br>　　　　Plaintiff,<br>　　v.<br>JESSE JAMES MARQUEZ,<br>　　　　Defendant. | Case No. 18-cr-00197-CRB-1 (RMI)<br><br>**ORDER OF DETENTION** |

On May 10, 2018, Defendant, Jesse James Marquez, was charged by indictment with the theft of approximately fifty-five (55) firearms from the premises of a licensed firearms dealer, in violation of Title 18, United States Code section 922(u); Defendant was also charged with possessing, receiving, concealing, selling or otherwise disposing of stolen firearms in violation of Title 18, United States Code, Section 922(j). (Doc. 1). Thereafter, on July 16, 2018, Defendant was arrested in Eureka, California, and was brought to court for an initial appearance. (Doc. 4).

The first of two detention hearings was conducted on July 18, 2018; in the course of which, neither Party offered witness testimony or evidence, instead, the court heard the arguments and proffers of the Parties. (Doc. 7). The government argued for detention based on: (1) the fact that the whereabouts of 40 of the 55 firearms allegedly stolen by Defendant remain unknown; (2) the fact that a number of those firearms have been discovered to have been used in criminal activity as far away as Georgia, as well as in a homicide here in Humboldt County; (3) the weight of the evidence, including a DNA match of Defendant to blood left at the crime scene; (4) the fact that Defendant had been difficult to locate due to his frequent moving around; and (5) based on the assertion that Defendant lacked ties to this District. On the other hand, Defendant argued for

release based on his age (Defendant is 22 years old), as well as the assertion that suitable third-party custodians, and sureties, could be offered.

Based on the nature and circumstances of the offenses charged, the weight of the evidence, the number of stolen firearms still unaccounted for, and the proffer of the government regarding the trafficking of stolen firearms by the defendant, the court issued an order of temporary detention and ordered that a full bail report be prepared. (Doc. 8) Defendant requested that the second detention hearing be set for August 6, 2018, to allow Defendant's counsel to investigate and prepare a proposal regarding conditions of release that might mitigate the risks of non-appearance and dangerousness associated with Defendant's alleged knowledge of the whereabouts of the 40 missing firearms, and with Defendant's alleged lack of ties to the community.

The bail report prepared for the second detention hearing notes that Defendant's mother and stepfather, his proposed co-signatories for an unsecured bond, are respectively currently on probation (mother), or have an extensive criminal history (stepfather). Additionally, the bail report notes the following pertinent information: that Defendant has used an "alternate" social security number in the past; that when Eureka police served a DNA warrant on Defendant (given that blood had been found at the scene of the firearms theft) that Defendant "disappeared," and that it took a vast amount of resources to find and arrest Defendant thereafter; that in addition to the 55 pistols that were allegedly stolen in this case, the lower receiver of an AR-15 assault rifle was also stolen; that one of the stolen firearms has reportedly been used to shoot a law enforcement officer and another was found to be in the possession of a fugitive in Georgia; that Defendant has been heard on recorded jail calls discussing cocaine, marijuana, and alcohol use; and, that Defendant's profile on Instagram reportedly shows a photo of him with a firearm in an ankle holster on his person.

At the hearing on August 8, 2018, Defendant offered no witnesses or proffers regarding the suitability of sureties for a bond for Defendant. Counsel for Defendant requested that he be allowed to live with his mother in Oregon, or in the alternative, be allowed to reside at a halfway house in San Francisco. Based on Defendant's mother's status as a current probationer, and based on his stepfather's extensive criminal history, the court finds them to be unsuitable for acting as

2

either third-party custodians or as co-signatories to an unsecured bond.

Because of the havoc wreaked by the firearms that have been recovered and the potential for significantly more danger to the community from the 40 firearms still unaccounted for, and for the same reasons given in the court's order of temporary detention, the court finds that there is no condition, or combination of conditions, of release from custody that will reasonably assure the safety of the community. Therefore, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED:

1. that Defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. that Defendant be afforded a reasonable opportunity for private consultation with counsel; and,

3. that on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the Defendant is confined shall deliver Defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

Dated: August 7, 2018.

ROBERT M. ILLMAN
United States Magistrate Judge